```
                    FILED           RECEIVED
                    ENTERED         SERVED ON
                         COUNSEL/PARTIES OF RECORD

                    APR 2 6 2012

                CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
             BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

SHAWN CAWLEY,                                )
                Plaintiff,                    )   3:11-cv-00565-HDM-VPC
                          )
      v.                                       )   **REPORT AND RECOMMENDATION**
                          )   **OF U.S. MAGISTRATE JUDGE**
OFFICER GOOD, *et al.*                       )
                Defendants.                  )   April 26, 2012
_____)

This Report and Recommendation is made to the Honorable Howard D. McKibben, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendant's motion to dismiss (#12).[1] Plaintiff opposed (#14) and defendant replied (#15). For the reasons set forth below, the court recommends that defendant's motion to dismiss (#12) be denied.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Shawn Cawley ("plaintiff"), a *pro se* inmate, is currently incarcerated at Nevada State Prison ("NSP") in the custody of the Nevada Department of Corrections ("NDOC") (#6). The events giving rise to this action occurred during plaintiff's arrest and pretrial detention at Washoe County Detention Center ("WCDC"). *Id.* Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging that arresting officers and prison officials subjected him to cruel and unusual punishment in violation of the Eighth Amendment during his arrest and pretrial detention at WCDC. *Id.* Pursuant to 28 U.S.C. § 1915A, the court screened the complaint and plaintiff's sole remaining claim alleges that Officer Good, other arresting officers, and unidentified medical providers at WCDC failed to provide plaintiff with medical attention which resulted in a deterioration of his vision (#5). Defendant Good ("defendant") brings the instant motion to dismiss plaintiff's claim (#12).

---

[1]    Refers to the court's docket numbers.

1    The events giving rise to plaintiff's claim against defendant Good are as follows. Plaintiff

2    alleges that on August 8, 2009, he fell asleep in an unoccupied motor vehicle because he was

3    homeless (#6, p. 3). Plaintiff claims the owner of the vehicle "forcefully struck [plaintiff] on the

4    temple area of his head" with a metal pipe and knocked him unconscious. *Id.* Plaintiff claims that

5    defendant Good and other officers arrived to investigate the situation, and that he complained of

6    excruciating pain to the officers. *Id.* at 3. Plaintiff alleges that defendant Good refused to transport

7    him to the hospital until "several hours later." *Id.* at 6. Plaintiff states that as a result of the delay

8    in medical attention, he suffers from pain and blurred vision.[2] *Id.*

9    Defendant Good moves to dismiss plaintiff's complaint for failure to state a claim upon

10   which relief can be granted (#12). Defendant argues that the Eighth Amendment applies only to

11   individuals who have been convicted of crimes. *Id.* at 2. Accordingly, defendant correctly states that

12   because plaintiff alleges that defendant Good delayed medical treatment shortly after plaintiff's arrest

13   and prior to any conviction, the Eighth Amendment does not apply to plaintiff's claim against

14   defendant Good. *Id.*

15   Plaintiff opposes and argues that "defendant Good cannot be relieved of any custodial

16   obligation(s) or responsibilities of care" while plaintiff was in his custody (#12, p. 4). Plaintiff

17   correctly states that as a pretrial detainee, his right to medical care is protected by the Due Process

18   Clause. *Id.* Plaintiff argues that the same Eighth Amendment deliberate indifference standard

19   applies to Fourteenth Amendment Due Process claims. *Id.* Plaintiff contends that he informed

20   defendant of a need for medical care and that defendant delayed plaintiff's medical care. *Id.* at 7.

21   For the foregoing reasons, plaintiff argues that he "clearly stated a claim upon which relief can be

22   granted." *Id.* at 8. The court agrees.

23   Defendant replies that the Eighth Amendment does not require that medical treatment be

24   afforded to an individual not yet convicted of a crime (#15). Defendant further states that to comply

25   with Federal Rule of Civil Procedure 8(a)(2), which requires that plaintiff state the grounds on which

26

27   [2]    Plaintiff also alleges that he complained of the pain and blurred vision while at WCDC and

28   defendants denied him medical care (#6, p. 6). However, the court only addresses plaintiff's claim against
     defendant Good.

1    his claim rests, plaintiff's complaint should be amended to allege the proper legal basis for his claim.

2    *Id.* at 2.

3                                **II. DISCUSSION & ANALYSIS**

4    **A.**      **Discussion**

5          **1. Motion to Dismiss**

6          "A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law."

7    *North Star Int'l v. Ariz. Corp. Comm.*, 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). To

8    survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

9    to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

10    544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain

11    more than a "formulaic recitation of the elements of a cause of action." *Id.* at 555. The Rule 8(a)

12    notice pleading standard requires the plaintiff to "give the defendant fair notice of what the ... claim

13    is and the grounds upon which it rests." *Id.* (internal quotations and citation omitted). The

14    "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint

15    to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*,

16    129 S.Ct. 1937, 1949 (2009). "Where a complaint pleads facts that are merely consistent with a

17    defendant's liability, it stops short of the line between possibility and plausibility of entitlement to

18    relief." *Id.*

19          When considering a motion to dismiss for failure to state a claim upon which relief can be

20    granted, the court employs a two-pronged approach. *Iqbal*, 129 S.Ct. at 1955. First, the tenet that

21    a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

22    conclusions. *Id.* at 1949. Second, only a complaint that states a plausible claim for relief survives

23    a motion to dismiss. *Id.* at 1950. In other words, for the nonmovant to succeed, "the

24    non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly

25    suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969

26    (9th Cir. 2009). Thus, a complaint may be dismissed as a matter of law for "(1) lack of a

27    cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Smilecare Dental*

28    *Grp. v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996) (quoting *Robertson v. Dean Witter*

1   *Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984)).

2          Under section 1983, a plaintiff must allege that (1) defendants subjected him to the

3   deprivation of a right, privilege, or immunity guaranteed by the U.S. Constitution or federal law,

4   and (2) that the defendants acted under the color of state law. *West v. Atkins*, 487 U.S. 42, 48

5   (1988); *see also Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

6          A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed with

7   prejudice where it appears certain that the plaintiff would not be entitled to relief. *Ortez v.*

8   *Washington Cnty., State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se*

9   complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines*

10  *v. Kerner*, 404 U.S. 519, 596 (1972), sweeping conclusory allegations will not suffice. *Leer v.*

11  *Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

12  **B.     Analysis**

13         Defendant moves to dismiss plaintiff's complaint and argues that plaintiff fails to state a

14  claim upon which relief may granted (#12). Defendant contends that because the allegations against

15  defendant Good occurred before plaintiff was convicted of a crime, there is no basis for finding that

16  defendant Good violated the Eighth Amendment. *Id.* Plaintiff argues that defendant Good violated

17  plaintiff's constitutional rights when he delayed plaintiff's ability to receive medical attention (#14).

18  Plaintiff further states that as a pretrial detainee, he had a right to medical care pursuant to the Due

19  Process Clause and that his complaint states a claim upon which relief can be granted. *Id.* at 4. The

20  court agrees.

21         The Eighth Amendment protections against cruel and unusual punishment apply only to

22  punishment imposed as a result of a conviction of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-37

23  & n.16 (1979). As a pretrial detainee, plaintiff does not enjoy these Eighth Amendment protections

24  "until after conviction and sentence." *Graham v. Connor*, 490 U.S. 386, 392 n.6 (1989). The

25  Fourteenth Amendment rather than the Eighth Amendment applies to deliberate indifference claims

26  brought by pretrial detainees. *Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996). The Fourteenth

27  Amendment affords rights at least as great as the Eighth Amendment protection. *City of Revere v.*

28  *Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983). "Under the Due Process Clause,

4

1   detainees have a right against conditions or restrictions that "amount to punishment." *See Pierce*
2   *v. County of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008).   Moreover, courts apply the same
3   standard to a pretrial detainee's claim of deliberate indifference under the Fourteenth Amendment
4   as to a prisoner's claim under the Eighth Amendment. *Id.*

5           Courts have a duty to construe *pro se* pleadings liberally, including *pro se* motions as well
6   as complaints. *Bernhardt v. Los Angeles County*, 339 F.3d 920 (9th Cir. 2003).   Thus, when a
7   plaintiff proceeds *pro se*, the district court is required to afford him the benefit of the doubt in
8   ascertaining what claims he raised in his complaint and argued to the district court. *Morrison v.*
9   *Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (internal quotations marks omitted).   Defendant is
10  correct that the Eighth Amendment is inapplicable because the allegation at issue occurred before
11  plaintiff was convicted of a crime.   Nevertheless, while plaintiff erroneously alleges his claims
12  under the protections of the Eighth Amendment, his complaint should not be dismissed based on
13  this error.[3]

14          Plaintiff alleges that while he was bleeding and in pain as a result of a blow to his head and
15  eye, defendant Good delayed his medical treatment for several hours.   Plaintiff claims that
16  defendant Good knew of and disregarded a risk to plaintiff's safety. *Estate of Ford v. Ramirez-*
17  *Palmer*, 301 F.3d 1043, 1050 (9th Cir. 2002).   Plaintiff further states that this resulted in
18  deterioration of his vision in one eye which constitutes a serious medical condition or injury. *See*
19  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (The objective requirement of a "serious
20  medical need" is met if the failure to treat a condition could result in further significant injury).   The
21  court construes plaintiff's claim against defendant Good as a Fourteenth Amendment Due Process
22  claim.

23          Pretrial detainees, "who have not been convicted of any crimes, retain at least those
24  constitutional rights that we have held are enjoyed by convicted prisoners." *Wolfish*, 441 U.S. 520
25  at 545; *Redman v. County of San Diego*, 942 F.2d 1435, 1441 (9th Cir. 1991) (en banc) (holding

---

[3]      The court notes that the screening order erroneously allowed plaintiff's claim to proceed
under the Eighth Amendment.

1   that "deliberate indifference is the level of culpability that pretrial detainees must establish for a

2   violation of the personal security interest under the Fourteenth Amendment"). Taking plaintiff's

3   allegations as true, plaintiff's claim that defendant Good delayed medical treatment for several

4   hours is sufficient to withstand dismissal at this juncture. The court finds, as it did on screening,

5   that plaintiff state a colorable claim of deliberate indifference.[4] Accordingly, the court recommends

6   that defendant's motion to dismiss (#12) be denied.

7                                                **III. CONCLUSION**

8        Based on the foregoing and for good cause appearing, the court recommends that

9   defendant's motion to dismiss (#12) be denied. At this juncture, the court's analysis is confined to

10   the four-corners of the complaint, and the court finds now, as it did on screening, that the

11   allegations are sufficient to state a claim for relief. As discussed above, plaintiff's claim against

12   defendant Good should be construed under the Fourteenth Amendment Due Process Clause. The

13   parties are advised:

14        1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice,

15   the parties may file specific written objections to this Report and Recommendation within fourteen

16   days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

17   Recommendation" and should be accompanied by points and authorities for consideration by the

18   District Court.

19        2.  This Report and Recommendation is not an appealable order and any notice of appeal

20   pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

21   ///

22   ///

23   ///

24   ///

25   ///

26

27

---

28       [4]  When reviewing the adequacy of a complaint or amended complaint, the court applies the same standard under § 1915 as it does under Federal Rule of Civil Procedure 12(b)(6).

1

## IV.  RECOMMENDATION

2          **IT IS THEREFORE RECOMMENDED** that defendant's motion to dismiss (#12) be

3   denied and that plaintiff's claim against defendant Good be construed under the Fourteenth

4   Amendment Due Process Clause.

5          **DATED:** April 26, 2012.

6

7

8                                    UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28