**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHAWN CAWLEY, ) | 3:11-cv-00565-HDM-VPC |
| ) | |
| Plaintiff, ) | |
| ) | ORDER ADOPTING |
| vs. ) | MAGISTRATE JUDGE'S |
| ) | REPORT AND RECOMMENDATION |
| OFFICER GOOD, et al., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

    The court has considered the report and recommendation of the United States Magistrate Judge (#42) filed on April 4, 2013, in which the magistrate judge recommends that this court enter an order granting defendant Good's motion for summary judgment (#30). Plaintiff objected to the report and recommendation (#43), and defendant Good responded (#44). The court has considered the pleadings and memoranda of the parties and other relevant matters of record and has made a review and determination in accordance with the requirements of 28 U.S.C. § 636 and applicable case law,

1

and hereby **ADOPTS AND ACCEPTS** the report and recommendation of the United States Magistrate Judge (#16).

The court notes as an initial matter that plaintiff's opposition to Good's motion for summary judgment contains numerous factual assertions irrelevant to the single claim in this action – deliberate indifference to the plaintiff's serious medical need. Those assertions have not therefore been considered in deciding the motion for summary judgment. In addition, the opposition contains several factual assertions that are unsupported by any evidence in the record. Those assertions are insufficient to create an issue of fact and have likewise not been considered.

Under the circumstances of this case, in which the plaintiff was conscious, able to communicate clearly and concisely, and did not appear to be in acute distress (Def. Mot. Summ. J. Exs. 1 & 4), any delay in medical treatment was not unreasonable and is insufficient to establish that Good acted with deliberate indifference to plaintiff's serious medical needs. *See Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (absent evidence that minor delays in medical treatment caused harm, there was no violation of the Eighth Amendment); *Cramer v. Target Corp.*, 2011 WL 5873401, at *17 (E.D. Cal. 2011) (unpublished opinion) (finding that a two-hour delay for a broken clavicle did not violate the Eighth Amendment because the plaintiff had not shown the delay exacerbated his injury or caused him harm, and noting that "[d]elays of longer than two hours, particularly for conditions that are not life-threatening, are almost routinely experienced in emergency rooms across the country."). In addition, plaintiff provides no evidence that he suffered substantial harm as a result

2

of any delay. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (only delays that cause substantial harm violate the Eighth Amendment).

Plaintiff continues to assert that Good would not allow REMSA to take him to the hospital even though plaintiff wanted to go with them. The evidence, however, plainly contradicts this assertion. REMSA's records state that it was plaintiff who "did not wish to go to the hospital with health care providers" and refused transport. (Def. Mot. Summ. J. Ex. 4).

Plaintiff also claims that Good's motion for summary judgment was untimely. This argument is without merit. Pursuant to the scheduling order in this case and Federal Rule of Civil Procedure 6(1)(C), the motion was timely filed.

Finally, plaintiff suggests that he has filed motions to compel that have yet to be ruled on. The record reflects no such motions are pending or have ever been filed.

In accordance with the foregoing, defendant Good's motion for summary judgment (#30) is hereby **GRANTED**. The clerk of the court shall enter judgment in favor of Good and against plaintiff.

**IT IS SO ORDERED.**

DATED: This 30th day of April, 2013.

_____
UNITED STATES DISTRICT JUDGE

3